IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

TEDDY A. BRINKER,     PLAINTIFF

v.     No. 4:12-cv-00198-KGB-JJV

MICHAEL J. ASTRUE, Commissioner,
Social Security Administration,     DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge Kristine G. Baker. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations. A copy must be served on the opposing party. The District Judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### RECOMMENDED DISPOSITION

Plaintiff, Teddy Brinker, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for Disability Insurance benefits. Both parties have submitted appeal briefs and the case is ready for decision. The Court also entertained oral argument on February 14, 2013. At this hearing, Plaintiff was represented by Kenneth Crow, Esq., and Randoph Baltz, Esq. Mr. Baltz represented Plaintiff during the administrative proceedings. The Commissioner was represented by Michael Moss, Esq.

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, the Court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; the Court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

In support of his Complaint, Plaintiff argues that the Administrative Law Judge (ALJ) erred in determining Plaintiff retained the residual functional capacity (RFC) to perform light work. (Doc. No. 15 at 9-12.) After careful consideration of the record as a whole, the Court finds that the ALJ's RFC assessment is not supported by substantial evidence and must be remanded for further development of the record.

Although remand is required, the Court finds that the ALJ is to be credited for his efforts in this case. Because of the unique history of this case, Plaintiff was required to prove he was disabled after January 31, 2004, but before December 31, 2005. (Tr. 15-16.) This required the ALJ to determine Plaintiff's RFC nearly five years later and only considering the medical evidence from this twenty-three month period.

Typically the Commissioner orders consultative examinations to assist in determining RFC. Mr. Brinker was not evaluated during the relevant time period. However, in the record is an evaluation performed by Harold Chakales, M.D. (Tr. 232-239.) The ALJ stated that Dr. Chakales's evaluation was ordered for a previous disability determination and included it "mostly for historical purposes." (Tr. 20.) But Plaintiff argues that the ALJ's opinion reveals he made his RFC determination based on the findings of Dr. Chakales. A review of the opinion supports Plaintiff's contention. (Tr. 23.) In other words, it appears the ALJ excluded this evidence while at the same time relying upon it. Without Dr. Chakales's report, there is very little evidence to support the ALJ's RFC assessment.

And while it is Plaintiff's burden to prove his disability, the Court finds Plaintiff has provided sufficient evidence to call into question the ALJ's RFC determination. Plaintiff has provided objective medical evidence that, during the period in question, he was suffering from substantial pain

2

and limitation. (Tr. 573-74.) Additionally, the ALJ specifically found that Plaintiff's "degenerative disc disease of the cervical and lumbar spine (post op), chondromalacia of the right patella with meniscal tear, and a history of a fractured right forearm" were "severe" impairments. (Tr. 23.) By definition, a "severe" impairment is one that significantly limits the plaintiff's physical or mental ability to do basic work activities. *Browning v. Sullivan*, 958 F.2d 817, 821 (8th Cir. 1992). Yet there is no accounting of these "severe" impairments in the ALJ's RFC assessment. The ALJ concluded, "Mr. Brinker retained the residual functional capacity for lifting and carrying up to 20 pounds occasionally and 10 pounds frequently, standing/walking up to 6 hours per 8-hour workday, and sitting up to 6 hours in an 8-hour workday. He should avoid reaching overhead bilaterally with either extremity." (Tr. 23.) There is no accounting for Plaintiff's "severe" back and knee impairments. Accordingly, substantial evidence of record fails to support the ALJ's RFC determination[1].

Additionally, Plaintiff has called into question the legitimacy of the ALJ's conclusions regarding his past work qualifying as substantial gainful activity. Plaintiff is reminded of his burden to develop evidence on this point. And on remand, the Commissioner should more fully develop the record in this regard.

IT IS, THEREFORE, RECOMMENDED that the final decision of the Commissioner be reversed and this case be remanded for proceedings consistent with this opinion. This would be a "sentence four" remand within the meaning of 42 U.S.C. § 405(g) and *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

DATED this 20th day of February, 2013.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court is mindful of its role in this process. However, it appears employing a medical expert to assist the ALJ in making a RFC assessment in hindsight would be prudent.